RODRÍGUEZ, PLAINTIFF AND APPELLEE, v. WORKMEN'S RELIEF COMMISSION, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Damages.

No. 2864.—Decided November 10, 1922.

APPEAL—DAMAGES—WORKMEN'S RELIEF COMMISSION.—A judgment of a district court on appeal from a decision of the Workmen's Relief Commission in the case of an accident to a workman can not be appealed from to the Supreme Court by the Commission, in accordance with the special law governing the matter.

The facts are stated in the opinion.

*The Attorney General* and *L. Samalea* for the appellant.
*Mr. B. Esteves* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Rodríguez was accidentally injured while working on a certain construction. The Workmen's Relief Commission was informed of that fact. It was agreed to pay him the sum of $168.20. Not being satisfied with that amount, Rodríguez, appealed to the district court which by a final judgment of July 22, 1922, ordered the Commission to pay Rodríguez the sum of $2,000 as an indemnity.

The Workmen's Relief Commission took the present appeal from that judgment. After the filing of the transcript of the record the appellee moved for the dismissal of the appeal on the ground that the special act governing the matter gives a right of appeal to the workman, but not to the Commission.

The statute invoked in support of the motion is section 9 of the Workmen's Accident Compensation Act, as amended by Section 6 of Act No. 61 of 1921, Session Laws of 1921, p. 487. The said section 9 reads as follows:

"Section 9. — Appeals from the decisions of the Workmen's Relief Commission to the district court of the district where the accident occurred shall be allowed to the claimant in all cases where he deems himself aggrieved by the decision of the commission.

"Appeals from the decision of the Workmen's Relief Commission shall likewise be allowed to any employer who shall have filed with the commission his employment report or declaration, thus appearing as an insured employer on the date of the accident, only when the decision of the Workmen's Relief Commission is to the effect that the accident is one for which compensation should be allowed pursuant to the provisions of this Act.

"Such appeal shall be taken by filing with the secretary of the district court for the judicial district where the accident occurred, and within the thirty days following receipt of notice of the decision of the commission, a written statement of the facts of the accident giving rise to the claim before the commission and, besides, a statement of the facts on which the appeal is based. Said statement shall be made in the form of an ordinary complaint in accordance with the provisions of the Code of Civil Procedure of Porto Rico. The commission shall be summoned by serving a copy of the complaint on the persons of its members and in the manner determined by the Code of Civil Procedure; *Provided,* That the laborer appealing from the decision of the Workmen's Relief Commission shall not be obliged to pay costs nor shall he incur any expenses in the prosecution of such matters in the district courts of Porto Rico. The laborer shall, moreover, be entitled to appeal from the decision of the district court to the Supreme Court of Porto Rico in accordance with the provisions of the Code of Civil Procedure of Porto Rico relative to appeals in civil cases taken from the district courts to the Supreme Court; *Provided,* That it shall be the duty of the stenographers of the district courts to transcribe the record of such cases free of charge to the appellant, and the secretaries of the district courts shall prepare and certify the transcript of the record to be forwarded to the Supreme Court of Porto Rico, for the purposes of such appeal, free of charge.

"The Workmen's Relief Commission, through the Attorney General of Porto Rico, shall appear within the term stated in the summons and shall plead in the manner provided by the Code of Civil Procedure of Porto Rico.

"The district courts, as well as the Supreme Court, shall give preference to the hearing and decision of the aforesaid matters over all such other matters as may be pending in said courts."

The statute is clear. The right to appeal to the Supreme Court is expressly granted only to the workman. Therefore

the question raised, in accordance with the language of the special act governing the matter, should be decided in favor of the appellee.

The appellant maintains that a construction of the law. in this sense would recognize a privilege in one of the parties, which is adverse to the spirit of our institutions. If this were a suit between two citizens, we should agree with the appellant; but the relation existing between the injured workman and the Commission is different. The workman makes a claim. The Commission announces its decision. The Commission is a body which forms a part of the machinery of the Government. The Government, by its Legislature and with the approval of its Executive, allowed the work-man an appeal from the decision of the Commission to the district court, another organism of the Government, and prescribed, furthermore, that in case the decision should be adverse to the workman, he could appeal to the highest court of the Island. Although the Commission is obliged to pay the indemnity out of funds under its control and consequently has a certain pecuniary interest in the matter, the interest is that of the Government which may consider itself perfectly secured by accepting as final the dicision of the district court, an organism, as we have said, also created by the Government itself.

The appellant cites section 295 of the Code of Civil Procedure which establishes the right of appeal generally from final judgments of the district courts in actions or special proceedings.

Undoubtedly the decision appealed from in this case is, of the nature of a judgment in an action or special proceeding, and it is true also that the statute cited should be applied to this case if the Legislature had not stated its purpose so clearly in section 9 of the Compensation Act which we have transcribed.

Finally, the appellant prays this court to hold that the remedy is by certiorari, if it should dismiss the appeal.

That action would not be proper. We should not prejudge the question. If in accordance with the law and jurisprudence certiorari lies because a question of jurisdiction is involved, as the appellant contends, without any reservation on the part of the court the appellant may exercise its right with the assurance that if it sustain its position the right will be recognized.

*Appeal dismissed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.